NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BHOPINDER DHILLON; REENA DHILLON; ANITA PAMPALON; RICHARD PAMPALON; SANGITA LAL; RAJ LAL; JACK SEKHON; PRAVEENA GIANNOULIS,<br><br>       Plaintiffs - Appellants,<br><br>  v.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>       Defendant - Appellee. | No. 24-7103<br><br>D.C. No.<br>2:20-cv-11661-DDP-GJS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 9, 2026**
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.***

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Michael T. Liburdi, United States District Judge for

Appellants appeal from the district court's order denying their motion for leave to file a third amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of leave to amend for abuse of discretion. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). The district court's futility determination is reviewed de novo. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021).

The district court did not abuse its discretion in denying Appellants' request to file a third amended complaint.

1.      The district court properly determined that amendment would be futile.[1] In a prior ruling, the district court granted summary judgment for Defendant Princess Cruise Lines, Ltd., holding that Appellants were required to provide expert testimony on causation but had not done so. It also denied a motion to modify the scheduling order for lack of good cause. We affirmed these rulings in an earlier appeal. The proposed amended claims would inevitably fail because they suffer from the same deficiencies as the claims already adjudicated at summary

the District of Arizona, sitting by designation.

[1] Appellants did not waive or forfeit a challenge to the district court's futility decision, as they argued before the district court and this court that amendment would not be futile because new discovery would cure the deficiencies identified at summary judgment.

2                                                                                    24-7103

judgment. *See Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023). Appellants lack necessary expert causation testimony, and the discovery deadline passed more than four years ago. The futility finding alone justified the district court's denial of leave to amend. *See Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021).

2.      The district court did not abuse its discretion in alternatively concluding that amendment would result in delay and prejudice by reopening discovery and additional motion practice after the case was litigated to judgment, especially in light of its previous ruling denying Appellants' motion to modify the scheduling order. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

**AFFIRMED.**